UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

        v.

KIMONE GRAHAM,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CR-106 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 19, 2018, Kimone Graham pled guilty to Counts One and Two of the Superseding Information. The Court now sentences her and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Kimone Graham is hereby sentenced to 18 months of incarceration, followed by 3 years of supervised release with special conditions as outlined by the Probation Sentencing Recommendation, ECF No. 34-1, and a $200.00 special assessment.

## BACKGROUND

On December 19, 2018, the United States of America filed a 2-count Superseding Information against Kimone Graham ("Defendant"). *See* Superseding Information, ECF No. 29. On December 19, 2018, Defendant pled guilty to both Counts One and Two of the Superseding Information, charging Importation of Cocaine, under 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3), and Possession of Cocaine with Intent to Distribute, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) pursuant to a plea penalty sheet.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

# DISCUSSION

## I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

## II. Analysis

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now 28 years old, was born on September 13, 1991 in Kingston, Jamaica. Presentence Investigation Report ¶ 33, ECF No. 34 ("PSR"). She is one of two children born to

the relationship of Joseph Graham and Pearl Robinson. *Id.* Defendant's parents ended their relationship for unknown reasons when Defendant was a small child. *Id.* She has had no real relationship with her father. *Id.* Defendant's mother died in 2015, at the age of 51, from cancer. *Id.* Prior to her death, Defendant's mother operated a clothing store. *Id.*

Defendant has one full sibling, one maternal half-sibling, and at least 15 paternal half-siblings, not all of whom are known to Defendant. *Id.* ¶ 34. Defendant's maternal half-sibling, Kemar Francis, lives in Maryland, is 32 years old, and is married with no children. *Id.* Defendant currently lives with her brother, Kimanie Graham, in Bridgeport, Connecticut. *Id.* Mr. Graham is single and has two children. *Id.* He works as a realtor. *Id.* Both Mr. Francis and Mr. Graham are aware of Defendant's conviction and are supportive. *Id.*

Defendant was raised in a low-income household in Kingston, Jamaica. *Id.* ¶ 36. While her family was low-income, Defendant stated this was typical for her neighborhood and she did not report any major hardship from poverty. *Id.* Defendant was very close with her mother but described her childhood as challenging, as her mother was always away working. *Id.* When Defendant was approximately age 11, her mother was arrested and convicted on unknown charges. *Id.* Defendant, thereafter, lived with a cousin in Bridgeport, Connecticut until she was 16 years old, when she returned to Jamaica. *Id.* While living in Connecticut, Defendant experienced a number of traumatic events. *Id.*

Defendant has never been married. *Id.* ¶ 37. She has three children, all of whom lived with her prior to her arrest in this case. *Id.* Her oldest child is J.P., age 11, who now lives with his father, Winston Palmer, in Manchester, Jamaica. *Id.* J.P. is healthy and is in school. *Id.* Defendant's middle child is J.S., age 7, who now lives with a paternal half-sister, Deyon Graham, in Toronto, Canada. *Id.* ¶ 38. J.S.'s father died in 2014 as a result of a gang-related

3

shooting. *Id.* J.S. has asthma and is in school. *Id.* Defendant's youngest child is R.G., age 3, who lives with Defendant. *Id.* ¶ 39. Defendant was in a relationship with R.G.'s father, a police officer in Kingston, Jamaica, for three years. *Id.* Their relationship ended because he was physically abusive.

Defendant lawfully entered the United States on March 6, 2018. *Id.* ¶ 40. Defendant is now under an Immigration and Customs Enforcement detainer and is currently under removal proceedings. *Id.*

Defendant has no chronic or serious physical health problems. *Id.* ¶ 42. Defendant has had depressive symptoms since age 11 but has no current mental health issues. *Id.* ¶ 43. Defendant has a history of marijuana use, beginning at age 15. *Id.* ¶ 44. Defendant enrolled in a substance abuse program after testing positive for marijuana during her pre-trial release. *Id.* ¶ 45.

Defendant earned an associate's degree in business from Portmore Community College in Portmore, Jamaica, in 2012. *Id.* ¶ 46. Defendant attended high school in Bridgeport, Connecticut but returned to Jamaica before earning a diploma. *Id.* ¶ 47. She did not finish high school after returning to Jamaica. *Id.* Defendant is currently unemployed, as she is not authorized to work in the United States. *Id.* ¶ 49. Prior to 2018, however, Defendant was a co-owner of a clothing store, which she took over after her mother's death. *Id.* ¶ 50. The store is not currently in operation. *Id.*

Probation reports Defendant appears unable to pay a fine. *Id.* ¶ 57. Defendant has no criminal history either as a juvenile or as an adult. *Id.* ¶¶ 26–27.

## B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

As for the instant offense, after arriving at John F. Kennedy Airport ("JFK") on a flight from Kingston, Jamaica, Defendant was stopped by Customs and Border Protection ("CBP") for an examination. PSR ¶ 7. After a pat-down search of Defendant yielded no results and Defendant declined to consent to an x-ray examination, Defendant was transported to the JFK medical facility. *Id.* After Defendant was allowed to use the bathroom and then return to her room, CBP officers found a package of cocaine partially hidden under the pillow. *Id.* ¶ 8. The package weighed 494.1 grams. *Id.* ¶ 11.

## B. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to both Count One and Two of the Superseding Information, which charged Importation of Cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3), and Possession of Cocaine with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

Defendant faces a maximum term of imprisonment of twenty years for each count. *See* 21 U.S.C. §§ 841(b)(1)(C) and 960(b)(3). Defendant also faces a minimum term of supervised

5

release of three years, 21 U.S.C. §§ 841(b)(1)(C) and 960(b)(3); a maximum fine of $1,000,000.00 per count, §§ 841(b)(1)(C) and 960(b)(3); and a special assessment of $100.00 per count, § 3013(a)(2)(A). Defendant is eligible for probation of not less than one nor more than five years. 18 U.S.C. § 3561(c)(1).

### C. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" 18 U.S.C. § 3553(a)(4)(A).

The parties agree the Guidelines calculations are grouped for Count One and Two under United States Sentencing Guideline ("USSG") § 3D1.2(d). Gov't Sentencing Mem at 2, ECF No. 35 ("Gov't Mem."); Def. Sentencing Mem. at 3–4, ECF No. 39 ("Def. Mem."); PSR ¶ 15. All parties further agree, the appropriate Guideline for Count One, 21 U.S.C. §§ 952(a), 960(a)(1), and (b)(3), and Count Two, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), is USSG § 2D1.1(a)(5) which applies to unlawfully importing drugs. Gov't Mem. at 2; Def. Mem. at 3–4; PSR ¶ 16. With reference to USSG § 2D1.1(c)(9), all parties agree the base offense level under USSG § 2D1.1(a)(5) is 22. Gov't Mem. at 2; Def. Mem. at 3–4; PSR ¶ 16. The parties also agree Defendant played a minimal role in the criminal activity, lowering the offense level by 4 per USSG § 3B1.2(a), Defendant has demonstrated acceptance of responsibility, lowering the offense level by 2 per USSG § 3E1.1(a), and Defendant timely notified the Government of her intent to plead guilty, lowering the offense level by 1 per USSG § 3E1.1(b). Gov't Mem. at 2; Def. Mem. at 3–4; PSR ¶ 19–24. All parties agree Defendant's adjusted offense level is 15. Gov't Mem. at 2; Def. Mem. at 3–4; PSR ¶ 25.

With a Criminal History Category of 1 and an adjusted offense level of 15, the Guidelines recommend a term of incarceration of between 18 and 24 months. USSG § 5 Pt. A. The Guidelines further recommend a 3-year term of supervised release to follow the period of incarceration. USSG § 5D1.2(a)(2). The Guidelines suggest a fine of between $7,500.00 and $2,000,000.00. USSG § 5E1.2(c)(3).

The Government recommends a term of imprisonment within the Guidelines range of 18 to 24 months. Gov't Mem. at 2.

Probation recommends a term of 18 months' imprisonment on each count to run concurrently, followed by 3 years' supervised release with the following special conditions: Defendant shall cooperate with and abide by all instructions of immigration authorities and if removed, Defendant may not re-enter the United States illegally. Probation Dep't Sentencing Recommendation, at 1, ECF No. 34-1.

Defense counsel recommends a sentence of time served, which is approximately 3 to 4 weeks. Def. Mem. at 4.

### D. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, requiring the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not pertinent to Defendant's sentencing.

### E. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this Memorandum and

Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

**F. The Need to Provide Restitution**

Lastly, the seventh § 3553(a) factor, requiring the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see id.* § 3663.

## CONCLUSION

A sentence of 18 months' incarceration, followed by 3 years' supervised released with special conditions, as outlined by the Probation Sentencing Recommendation, and a $200.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2020
      Brooklyn, New York